UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CAMERON A. WHITE**                                                        **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 4:23-CV-P130-JHM**

**TERRY NUNLEY**                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint[1] pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow one claim to proceed.

**I.**

Plaintiff Cameron A. White indicates that he was previously incarcerated as a convicted prisoner at Muhlenberg County Detention Center (MCDC).[2] Plaintiff sues MCDC Jailer Terry Nunley and former GCDC Correctional Officer David Crockett in both their official and individual capacities. Plaintiff alleges that Defendant Crockett used excessive force against him on March 22, 2023 after he discovered Plaintiff trying to commit suicide. As relief, Plaintiff seeks release on parole. Because Plaintiff sues both Defendants in their individual capacities, the Court construes the complaint as also seeking damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the

---

[1] Plaintiff filed three identical actions in this Court. By prior Orders, the two later-filed actions were consolidated into the instant action. Thus, the complaint (DN 1) and both amended complaints (DNs 7 & 9) in this action are the same.

complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Nunley and Crockett are actually against Muhlenberg County.

A municipality or a county such as Muhlenberg County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691 (1978); *Deaton v. Montgomery Cnty.*, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Muhlenberg County. Thus, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

## B. Individual-Capacity Claims

### 1. Jailer Nunley

Plaintiff alleges that another jail official was "supposed to let [Jailer] Nunley know I need to talk to him [about the incident with Defendant Crockett] . . . ." The Court can discern no constitutional violation based upon this allegation. Moreover, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors, such as Jailer Nunley. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official as follows:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 [] (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)).

Here, Plaintiff fails to allege any facts suggesting that Jailer Nunley encouraged or condoned the conduct of Defendant Crockett, or authorized, approved, or knowingly acquiesced

in his conduct. Thus, the Court will dismiss Plaintiff's individual-capacity claim against Jailer Nunley for failure to state a claim upon which relief may be granted.

### 2. Officer Crockett

Upon review, the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Crockett. In allowing this claim to proceed, the Court passes no judgment upon its merit or the ultimate outcome of this action.

### C. Injunctive Relief

As to Plaintiff's request of release on parole, a request for release from custody may only be sought in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, Plaintiff's claim for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims against Defendant Nunley, his official-capacity claim against Defendant Crockett, and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against him, the **Clerk of Court** is **DIRECTED** to **terminate Jailer Nunley as a party to this action.** The **Clerk of Court is further DIRECTED to add David Crockett as a party to this action**.

The Court will enter a separate Order Regarding Service as to Defendant Crockett.

Date: January 5, 2024

*Joseph H. McKinley Jr.*, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Muhlenberg County Attorney
4414.011