UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CAMERON A. WHITE                                                          PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:23-CV-P130-JHM

TERRY NUNLEY *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon a motion to dismiss filed by Defendant David Crockett (DN 17). Plaintiff filed a response (DN 22), and Defendant Crockett filed a reply (DN 24).

**I.**

Because Plaintiff was a prisoner at the time he filed this action and "seek[ing] redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), the Court was required to review the pleadings under 28 U.S.C.§ 1915A(b), prior to service. Under § 1915A(b) "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On initial review of the complaint pursuant to § 1915A, the Court dismissed some claims, but allowed an Eighth Amendment excessive-force claim to proceed against Defendant Crockett.

In the instant motion, Defendant Crockett moves for dismissal arguing that Plaintiff has failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6); that Plaintiff

has failed to allege that he exhausted his administrative remedies; and that Defendant Crockett is entitled to qualified immunity.

## II.

### A. Failure to State a Claim

The dismissal standard under § 1915A "is the same standard that this court uses to evaluate dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (citing *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)); *see also Wilder v. Collins*, No. 2:12-cv-0064, 2012 U.S. Dist. LEXIS 64231, at *12-13 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). For this reason, "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. 11-2333-PHX-DGC, 2012 U.S. Dist. LEXIS 107901, at *4 (D. Ariz. Aug. 2, 2012).

Under both § 1915A and Rule 12(b)(6), to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded

factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Defendant Crockett argues that Plaintiff's allegations fail to show that Defendant Crockett used excessive force against Plaintiff in violation of the Eighth Amendment. In the complaint, Plaintiff alleges that while he was trying to commit suicide, with a bag over his head and a sheet around his neck, Defendant Crockett opened his cell door, tased Plaintiff, and "put his knee in my back squeezing hand cuffs tighter and tighter trying to break my arm." (DN 1). Plaintiff states, "I wasn't being incompliant, I wasn't even fighting him. He was using excessive force for No Reason, even the other officers said it was excessive force." *Id*. Plaintiff asserts that another officer told Defendant Crocket that he "didn't have to tase me, there was No Reason for it." *Id*. Plaintiff further states that Defendant Crockett "kept squeezing the handcuffs," even though Plaintiff was yelling, "your hurting me." *Id*. Plaintiff alleges that Defendant Crockett's actions left him with a swollen wrist and bruises. *Id*.

There is an objective component and a subjective component to an Eighth Amendment excessive-force claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The "subjective component focuses on the state of mind of the prison officials," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and requires a court to ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

> The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This is a "contextual" inquiry that is "responsive to contemporary standards of decency." *Hudson,* 503 U.S. at 8-9. The seriousness of the injuries are not dispositive; as the Supreme Court has held, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. at 9, *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam).

3

*Williams*, 631 F.3d at 383.

Thus, both the objective and subjective components of this standard turn on whether a prison official acted maliciously and sadistically to cause harm.  Defendant Crockett argues that it is evident from the complaint that he did not act maliciously and sadistically to cause harm, but only to prevent Plaintiff from taking his own life.  The Court disagrees.  While Defendant Crockett may eventually be able to prove this assertion, on a motion to dismiss, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett* 561 F.3d at 488 (citing *Gunasekera*, 551 F.3d at 466 ) (citations omitted)).  Moreover, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Upon consideration, the Court again finds that when the *pro se* complaint is read most favorably to Plaintiff, it contains sufficient factual matter to state an excessive-force claim against Defendant Crockett under the above standard.

### B. Failure to Exhaust Administrative Remedies

Defendant Crockett also argues that this action should be dismissed because Plaintiff does not allege that he exhausted his administrative remedies under the Prison Litigation Reform Act in the complaint.  However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "[F]ailure to exhaust administrative remedies under the [Prison Litigation Reform Act (PLRA)] is *an affirmative defense that must be established by the defendants.*"  *Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204) (emphasis added).  Moreover, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or

4

documentary evidence, the issue is normally best raised on a motion for summary judgment. *See, e.g.*, *Hollis v. Erdos*, 480 F. Supp.3d 823, 830-31 (S.D. Ohio 2020); *Daugherty v. K.S.P. Med. Dep't*, No. 5:17-CV-P41, 2018 U.S. Dist. LEXIS 30992, at *7 (W.D. Ky. Feb. 27, 2018); *see also Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)).

Thus, the above jurisprudence establishes that Defendant Crockett's argument that Plaintiff's failure to allege exhaustion in the complaint warrants dismissal is also without merit.

### C. Qualified Immunity

Finally, the Court turns to Defendant Crockett's argument that this action should be dismissed because he is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known." *Brown v. Lewis*, 779 F.3d 401, 411 (6th Cir. 2015) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (2006)). Thus, when a defendant raises qualified immunity, the plaintiff must show that (1) "a constitutional violation has occurred" and (2) "the violation involved a clearly established constitutional right of which a reasonable person would have known." *Id.* (citing *Sample v. Bailey*, 409 F.3d 689, 695-96 (6th Cir. 2005)). Qualified immunity, a fact-sensitive analysis, is generally inappropriate at the motion-to-dismiss stage. *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 761 (6th Cir. 2020). But this is not an absolute rule. *Id.* "If, taking all the facts as true and reading all inferences in the plaintiff's favor, the plaintiff has not plausibly showed a violation

of his clearly established rights, then the officer-defendant is entitled to immunity from suit" at the motion-to-dismiss stage. *Id*. at 762.

As explained above, the Court finds that Plaintiff has sufficiently alleged an Eighth Amendment excessive-force claim. In addition to tasing him, Plaintiff alleges that Defendant Crockett continued to assault him after his ability to commit suicide had passed and despite not resisting Defendant Crockett's demands. *See Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 540 (6th Cir. 2015) ("Under the Fourteenth, Fourth, or Eighth Amendments, assaults on subdued, restrained and nonresisting detainees, arrestees, or convicted prisoners are impermissible.") (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995); *Phelps v. Coy*, 286 F.3d 295, 301-02 (6th Cir. 2002)).[1]  Accordingly, the Court concludes that Defendant Crockett is not entitled to qualified immunity at this juncture.

### III.

For the foregoing reasons, **IT IS ORDERED** that Defendant Crockett's motion to dismiss (DN 17) is **DENIED**.

**Defendant Crockett shall file an answer to the complaint and amended complaint within 21 days of the entry of this Memorandum Opinion and Order.**

Date:




cc:     Plaintiff, *pro se*
        Counsel of Record
4414.011

---

[1] Although Defendant Crockett cites to cases which consider prison officials' deliberate indifference to a prisoner's known suicidal tendencies, Plaintiff's case is premised on the argument that Defendant Crockett used more force than necessary to stop his suicide attempt. Thus, the cases Defendant Crockett cites do not show that he is entitled to qualified immunity.