UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00130-JHM-HBB

CAMERON A. WHITE                                                                                    PLAINTIFF

VS.

TERRY NUNLEY, et al.                                                                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendants Deputy David Crockett and Muhlenberg County, Kentucky (DN 70). The Defendants seek leave to file their motion for summary judgment out of time or, in the alternative, that the schedule in the case be amended to extend the deadline for filing dispositive motions. The Defendants have tendered their motion for summary judgment at DN 71. Plaintiff Cameron A. White has filed two pleadings, one at DN 76 and the other at DN 77, both styled as a response to both the motion for extension of time and the motion for summary judgment.

The Defendants note that the deadline for filing dispositive motions under the scheduling order at DN 48 expired on December 30, 2024. They explain that they were unable to file their motion for summary judgment by that deadline due to deficiencies in White's responses to discovery requests. The Defendants state they served discovery requests to White on June 13, 2024 (DN 70, p. 1). They did not receive responses by the discovery deadline, and moved the Court to sanction White (*see* DN 52). The Court ordered White to provide discovery responses by December 31, 2024 (DN 62). The Defendants state that White provided discovery responses on

December 27, 2024, but the responses were deficient (DN 70, p. 2). Defendants corresponded with White in an effort to obtain supplemental responses, but to this date he has failed to provide supplementation (*Id.*). The Defendants note that, while the deadline for discovery in the case was adjusted, the dispositive motion deadline was not adjusted accordingly.

The Defendants advance two arguments in support of their motion for leave to file the motion for summary judgment late. First, they contend that, when the Court extended the discovery deadline beyond the dispositive motion deadline, it essentially nullified the scheduling order's deadline because Fed. R. Civ. P. 56(b) permits parties to file motions for summary judgment at any time until 30 days after the close of all discovery (DN 70, p. 3). Alternatively, they argue that White's failure to timely and fully respond to discovery requests constitute good cause for permitting them to file the motion late (*Id.*).

White's responsive pleadings, DN 76 and 77, are captioned "Plaintiff's Motion Opposing the Defendants' Summary Judgement Motion/To Extend Dispositive Motion Deadline." White's pleadings, however, only present his opposition to the Defendants' tendered motion for summary judgment at DN 71 (DN 76 & 77). They fail to address the motion for leave to file the motion for summary judgment out of time at DN 70 (*Id.*).

## Discussion

The Defendants' contention that Rule 56(b) supplants the scheduling order's deadline for filing dispositive motions because the fact discovery deadline was extended beyond the dispositive motion deadline is incorrect. Rule 56(b) provides a default deadline for dispositive motions only when a deadline has not otherwise been set. "**Unless a different time is set by local rule or the court orders otherwise**, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." FED. R. CIV. P. 56(b) (emphasis added). Here, a dispositive

2

motion deadline was established by the scheduling order, thereby overriding the rule's default deadline (*See* DN 48). It is the responsibility of the parties to seek remediation of the case schedule if a conflict between discovery and dispositive motion deadlines develops. The presence of a conflict does not nullify any of the deadlines.

      Turning to the Defendants' argument that there is good cause to permit them to file their motion out of time due to White's delay in providing discovery responses, the undersigned notes that White has not disputed the Defendants' contentions. Local Rule 7.1(c) requires that "a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." When an opposing party fails to respond to a motion to dismiss, courts may deem the motion unopposed and grant it on that basis. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (affirming dismissal based on waiver in light of failure to respond). Because White failed to substantively respond within the required time, the Defendants' motion for leave to file late effectively stands unopposed and may be granted on that ground alone. Nonetheless, inability of a party to procure information before expiration of a motion deadline can constitute good cause to permit filing out of time. *See Auto-Owners Ins. v. Aspas*, No. 3:16-CV-189-DJH-DW, 2018 U.S. Dist. LEXIS 45026, at *3-4 (W.D. Ky. Mar. 19, 2018). The undersigned concludes that the Defendants have demonstrated good cause.

**WHEREFORE**, the motion for leave to file out of time, DN 70, is **GRANTED**, and the motion for summary judgment, DN 71, is deemed timely filed.

H. Brent Brennenstuhl
United States Magistrate Judge

April 28, 2025

Copies:  Counsel
　　　　Cameron White, *pro se*